```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

FRANK WILSON, III,                      Civ. No. 05-1731-HO

            Plaintiff,                  ORDER

     v.

Commissioner of Social Security,

            Defendant.
```

Plaintiff filed this action for review of the decision of the Commissioner denying his application for disability insurance benefits. The Commissioner filed a motion for remand for further administrative proceedings. Plaintiff argues that his application should be remanded for an award of benefits. For the reasons discussed below, this matter is remanded for further proceedings before the ALJ.

## Discussion

Plaintiff argues that the administrative law judge (ALJ) failed to consider the Veterans Administration's (VA) finding

that plaintiff is 70 percent disabled, improperly rejected lay witness evidence, failed to find severe physical impairments, failed to provide a foundation for finding that plaintiff's medically determinable impairments do not meet or equal a listed impairment, failed to consider physical impairments and the combined effect of impairments, failed to properly consider physicians' opinions, formulated an incomplete residual functional capacity (RFC) assessment, provided an incomplete hypothetical question to the vocational expert (VE) and improperly found that plaintiff can perform the scheduler component of a composite job plaintiff may not have held in the last 15 years. The Commissioner argues that remand is necessary for the ALJ to consider plaintiff's work activity and alcohol and drug use, and the findings of the VA.

Remand for further proceedings is appropriate in this case. The ALJ provided germane reasons for his treatment of the lay evidence. Plaintiff's group course-work cited by the ALJ contradicts lay statements that plaintiff is precluded from all work with others. (Tr. 31). While a lay witness may testify to his observations, there is no foundation in the for the opinion that plaintiff is precluded from repetitive work, whether by mental impairments or dislike of such work. Id.

Plaintiff does not explain how his physical impairments combine with his mental impairments to meet or medically equal a

2 - ORDER

listed impairment.  Plaintiff does not identify functional limitations resulting from physical impairments that are not included in the ALJ's RFC assessment.  Plaintiff suggests that his impairments may be sufficiently severe to meet Listing 12.06 of 20 C.F.R. Pt. 404, Subpt. P, App. 1.  Plaintiff does not argue that the "C" criteria of Section 12 of the Listings is satisfied.  The ALJ's analysis supporting his conclusion that plaintiff does not meet the "B" criteria of Section 12 is sufficient to permit judicial review.  (Tr. 30).

It is not clear that the ALJ rejected the opinions of Drs. Beahrs and Michels.  If credited as true, the opinions do not require a finding of disability.

The ALJ included limited contact with others in the RFC assessment, but not in the hypothetical question posed to the VE.  (Tr. 32, 451).  The VE testified that the scheduler position requires, at most, minimal limitations interacting with others.  (Tr. 452)  Whether or not plaintiff has past relevant work as a scheduler, the ALJ's finding that he can return to such work is not supported by substantial evidence.

On remand, the ALJ shall hold a new hearing and issue a new decision following the process described in 20 C.F.R. § 404.1520.  This will ensure that the ALJ reconsiders the VA's disability rating in light of McCartey v. Massanari, 298 F.3d 1972, 1076 (9th Cir. 2002), reconsiders all the evidence, promulgates a new

RFC, takes additional vocational expert testimony based on a complete hypothetical, and reconsiders his finding that plaintiff can return to past relevant work.  Nothing in this order restricts the ALJ from further developing the record as he deems appropriate.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed.  This matter is remanded for further proceedings before the ALJ.

IT IS SO ORDERED.

DATED this __30th__ day of November, 2006.

                                               _s/ Michael R. Hogan_
                                             United States District Judge